UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Versea Diagnostics, LLC,

    Plaintiff,

v.                                    CASE NO. 8:24-cv-01237-SDM-CPT

SOS Abundabox LLC et al,

    Defendants.
_____/

**ORDER**

    Alleging fraudulent misrepresentation, negligent misrepresentation, and breach of contract, Versea Diagnostics, LLC sues (Doc. 34) SOS Abundabox LLC, Summit Services, Inc., Summit One Source, Emily Jones, and Kirk Oetken. The defendants move (Doc. 46) to dismiss the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure and to transfer to the District of Delaware under 28 U.S.C. §1404(a). Versea responds (Doc. 66) and the defendants reply. (Doc. 73)

    The defendants' motion rests on the contention that the parties entered into two separate agreements, both of which contain a venue clause. The agreements are (1) a 'term sheet' executed on September 20, 2023 (Doc. 50 at 5-9) and (2) a 'senior secured promissory note and security agreement' executed October 20, 2023. (Doc. 50 at 11-23)

    The 'term sheet' provides the following:

- "This Term Sheet does constitute an obligation or commitment of both Parties to enter into the Definitive Agreement.  A binding commitment with respect to the transactions contemplated hereby will result from the Definitive Agreement, the provisions of which *will supersede this and all other understandings between the parties*, written or oral, once executed." (Emphasis added). (Doc. 50 at 5)
- "All disputes arising out of this Term Sheet and the Definitive Agreement will be adjudicated by the Chancery Court of the State of Delaware-or any US Federal Court sitting in such state." (Doc. 50 at 9)

In turn, the 'senior secured promissory note and security agreement' provides that "[a]ny proceeding or action arising out of or relating to this Agreement or the transactions contemplated hereby *may* be brought in the State of Delaware . . . ." (Doc. 50 at 21)

Under the 'term sheet' the 'senior secured promissory note and security agreement' governs venue because this latter agreement constitutes the 'Definitive Agreement' given superseding effect by the earlier 'term sheet. The 'Definitive Agreement' is sufficiently broad[1] to encompass all transactions contemplated by the 'term sheet' and controls the earlier agreement's venue clause.

The latter agreement, unlike the former one, uses the word "may," which is permissive and not mandatory. *See, e.g.*, *Anderson v. First Mercury Ins. Co.*, 2020 WL 3316917, at *2 ("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. . . . The Eleventh Circuit only enforces clauses [as mandatory] that unambiguously designate the forum in which the parties must enforce their rights under the contract.") (citations omitted); *Cluck-U Chicken,*

---

[1] "Any proceeding or action arising out of or relating to this Agreement *or the transactions contemplated hereby* may be brought in the state of Delaware . . . ." (Emphasis added). (Doc. 50 at 21)

- 2 -

*Inc. v. Cluck-U. Corp.*, 2016 WL 1588677, at *1 (M.D. Fla. Apr. 20, 2016) (finding the absence of "words of command" or "words of exclusion" demonstrates the permissive effect of a venue clause) (Merryday, J.).

The defendants have cited no factors establishing Delaware as a more convenient forum.[2] The defendants' motion is **DENIED**.

ORDERED in Tampa, Florida, on September 17, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The factors germane under 28 U.S.C. § 1404(a) support venue in this district because the plaintiff conducts business in Florida and most of the relevant transactions occurred in Florida.